RECEIVED

2007 MAR -2  P 3: 40

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,  |  CASE NO. 1:07-mc-3353-MEF-SRW

v.

Rodger D. Cook,

                Defendent.

**MOTION TO CLAIM AND EXERCISE CONSTITUTIONALLY PROTECTED RIGHTS and REQUIRE THE PRESIDING JUDGE TO RULE UPON THIS MOTION, and ALL ATTENDING OFFICERS OF THE COURT TO UPHOLD SAID RIGHTS.**

Comes Now, Rodger D. Cook, hereinafter Moving Party and brings this "Motion to Claim and Exercise Constitutionally Protected Rights and Require the Presiding Judge to Rule on this Motion, and ALL Attending Officers of the Court to Uphold said Rights" as contemplated pursuant to the federal Constitution, specifically, the Bill of Rights, in particular, the First,

---

Motion & Affidavit                  1 of 10                  Respond to:
Rodger D. Cook
196 Adams Street
Hartford, Alabama 36344
334-588-6332

Fourth, Fifth, Sixth, Seventh, Ninth and Tenth Amendments, <u>and pursuant to their oaths of office</u>, and moves the court to uphold their respective oaths of office, without accepting the jurisdiction of the court, pursuant to oaths sworn by the presiding judge and the attending public officers:

## I. RELIEF DEMANDED

1. Moving Party respectfully demands that this court, pursuant to the purported oaths sworn by the presiding judge and the attending officers of the court, enter its order and ruling:

**(a)** To acknowledge and act in accordance with the United States Federal Court ruling, to wit: "The claim and exercise of a Constitutional Right cannot be converted to a crime." <u>*Miller v. U.S.*</u> 230 F. 2d. 286, 489;

**(b)** To honor, uphold and abide by the oaths purported to have been taken by the presiding Judge and attending officers of the court, pursuant to the National Constitution of the United States, Article VI clause 2 and 3, in this matter.

**(c)** To provide due process of law, pursuant to Article in Amendment 1, 4, 5, 6, 7, 9, 10 and 14 to the National Constitution of the United States, and as required by the afore mentioned oaths taken by the members of the presiding judicial panel and the attending officers of the court in this matter.

**(d)** To provide equal protection under the law as required by Article 5 and 14 in Amendment to the National Constitution of the United States, and pursuant to the afore mentioned oaths;

Motion & Affidavit                    2 of 10                    Respond to:
                                                                 Rodger D. Cook
                                                                 196 Adams Street
                                                                 Hartford, Alabama 36344

**(e)** To respect, protect and uphold the inherent rights of Moving Party, one of the people, in this matter, which rights are guaranteed in the National Constitution of the United States as well as the Constitutions of the several states of the Union, pursuant to the afore mentioned oaths;

**(f)** To acknowledge and uphold the Constitution of the United States as the Supreme Law of this court, in this matter, pursuant to Article VI of the National Constitution of the United States, pursuant to the afore mentioned oaths;

**(g)** To acknowledge and so rule that any court and/or judge which denies any party (in this case Moving Party) to present evidence in any hearing or trial in total support of said party's position is perjury of oath and denial of due process of law.

**(h)** To acknowledge and so rule that no court of the United States and no federal judge of the United States has jurisdiction over any issue in any court regarding any party if that court and/or judge: 1) Does not provide due process of law; 2) Does not provide equal protection of the law; 3) Does not respect and uphold Constitutionally protected rights of the parties, in this case the protected rights of Moving Party, as guaranteed by the National Constitution of the United States; and, 4) Act with sufficient force as to deny the powers of the National and State Constitutions.

**(i)** Acknowledge and so rule that any violation of due process or equal protection of the law destroys the court's jurisdiction of the subject matter and precludes any action of the court and voids any rulings or judgments of the court.

(j)     Acknowledge and so rule that Moving Party is to be held harmless by officers crimes against Moving Party.

## II. GROUNDS FOR RELIEF

Moving Party is entitled to the relief sought in section I based upon the following grounds:

**Ground 1:** Moving Party, as all litigants, is entitled to due process and equal protection of the law.

**Ground 2:** Moving Party, as all litigants, is entitled to assurances that the presiding judicial panel and all attending officers of the court will honor and uphold the National Constitution of the United States pursuant to their oath of office.

**Ground 3:** Moving Party is entitled to assurances that the presiding judicial panel and attending public officers will support, honor, and protect the inherent rights of Moving Party, and that the presiding judicial panel will conduct the instant case without bias or prejudice.

## III.    ARGUMENT AND POINTS OF AUTHORITY

1. The acknowledged purpose of establishing governments is to protect the inherent rights of the individual people from interference and abuse of the government.

2. One of the rights specifically identified in the "Bill of Rights" at Article in Amendment 1 to the National Constitution of the United States is the right to petition for redress of a grievance. The elements of due process are addressed at Articles in Amendment 1, 4, 5, 6, 7, 9, 10 and 14.

3. To insure that the appointed and elected officers, employees and agents of the government uphold and protect those rights, the people by way of Article VI clause 2 and 3 mandated that all officers, employees and agents of the government must swear or affirm to uphold the Constitution of the United States and those laws pursuant to the Constitution as the supreme law of the land.

4. The courts have warned that the people cannot be assured that those who are elected or appointed to offices of trust will conform their actions to only those acts authorized by law. The courts have further warned that the people must keep themselves informed of the true law and what is and is not authorized to insure that those officers and employees of the federal and state governments do not overstep the bounds of their delegated authority.

5. The Supreme Court of the United States held that "Whatever the form in which the government functions, anyone entering into an arrangement with the government takes the risk of having accurately ascertained that he purports to act for the government stay within the bounds of his authority. The scope of this authority may be explicitly defined by Congress or limited by delegated legislation, properly exercised through the rule making power. And this is so even though, as here, the agent himself may have been unaware of the limitations upon his authority." **Federal Crop. Ins. Corp. v. Merrill**, 322 U.S. 380, 68 S. Ct. 1 (1947), 322 U.S. at 384; "The extent of the authority of the people's public agents is measured by the statute from which they derive their authority, not by their own acts and assumptions of authority." "Public officers have and can

Motion & Affidavit                5 of 10                Respond to:
                                                         Rodger D. Cook
                                                         196 Adams Street
                                                         Hartford, Alabama 36344

exercise only such powers as are conferred on them by law..." "The powers of state officers being fixed by law, all persons dealing with such officers are charged with knowledge of the extent of their authority." *Youngstown Street & Tube Co. v. Sawyers*, 343 U.S. 579, 72 S. Ct. 863 (1953); *Sitter v. Board of Control of Michigan College of Mining and Technology*, 333 Mich. 53 N.W. 2d. 681-684 (1952).

6. The 9th Circuit Court of Appeals held that "All persons in the United States are chargeable with knowledge of the Statutes-at-large...[I]t is well established that anyone who deals with the government assumes the risk that the agent acting on the government's behalf has exceeded the bounds of his authority." *Bollow v. Federal Reserve Bank of San Francisco*, 650 F. 2d. 1093 (9th Cir. 1981) see: 650 F. 2d. at 1100.

7. Moving Party is asserting the right and duty to insure that the presiding Judge and attending officers of the court stay within the bounds of their delegation of authority and honor, uphold and protect Moving Party's inherent protected rights in this matter.

8. A denial of Moving Party's Motion will serve as notice and evidence that the presiding Judge and attending officers of the court do not intend to honor, uphold and abide by the oaths purported to have been taken by the presiding Judge and the attending officers of the court, pursuant to the National Constitution of the United States Article VI clause 2 and 3, or provide due process and equal protection of the law to Moving Party in this matter.

9. A denial of this Motion would evidence an admission that the presiding Judge and attending officers of the court intend to engage in acts of crimes, criminal activity, fraud, collusion and conspiracy, sedition and anarchy.

## IV. CONCLUSION

Based on Moving Party's pleadings, the mandates of the National Constitution of the United States for the presiding judge and attending officers of the court to uphold the National Constitution and laws pursuant to the Constitution of the United States as Supreme Law of the Land including but not limited to the "Bill of Rights," the presiding Judge must grant the relief demanded in section 1 of this Motion.

Done this __28th__ day of __Feb.__, 2007

_Rodger D. Cook_
Rodger D. Cook, Moving Party

### ATTACHED AFFIDAVIT

**Alabama state** }
} ss  **Affidavit of Rodger D. Cook**
**Geneva county** }

I, Rodger D. Cook, hereinafter known as Affiant, hereby affirm under penalty of perjury under the laws of the United States of America, specifically the Republic of Alabama state, that the following facts are true and correct to the best of Affiant's personal knowledge, understanding and belief.

Affiant affirms that:

1. Affiant is of the age of majority, of sound mind and competent to testify.
2. Affiant claims all inherent rights both enumerated and un-enumerated protected by the Constitution of the United States.
3. Affiant intends to exercise all inherent rights both enumerated and un-enumerated protected by the Constitution of the United States during all proceedings of this court.
4. Affiant has not received any evidence that the Presiding Judge or Judicial Officer(s) of the District Court of the United States, Middle District of Alabama, Southern Division has met all Constitutional and Statutory requirements to preside over this case.
5. Affiant has not received any evidence that any attending officer(s), including but not limited to the Judge of the District Court of the United States, Middle District of Alabama, Southern Division has met all Constitutional and Statutory requirements to participate in this case.
6. Affiant has not received any evidence that the Presiding Judge or Judicial Officer(s), including but not limited to the judge, will acknowledge and act in accordance with the United States Federal Court ruling, to wit: "The claim and exercise of a Constitutional Right cannot be converted to a crime." *Miller v. U.S.* 230 F. 2d. 286, 489.
7. Affiant has not received any evidence that the Presiding Judge or Judicial Officer(s) and attending officers of the court will uphold and abide by their respective oaths of office pursuant to the National Constitution of the United States, with regard to this case.
8. Affiant has not received any evidence that the Presiding Judge or Judicial Officer(s) and attending officers of the court will provide due process of law, pursuant to Article

in Amendment 1, 4, 5, 6, 7, 9, 10 and 14 to the Constitution of the United States with regard this case.

9. Affiant has not received any evidence that the Presiding Judge or Judicial Officer(s) and attending officers of the court will provide equal protection of law as required by Article in Amendment 5 and 14 to the Constitution of the United States.

10. Affiant has not received any evidence that Presiding Judge or Judicial Officer(s) and attending officers of the court will respect, protect and uphold the inherent rights of Affiant with regard to this case.

11. Affiant has not received any evidence that the Presiding Judge or Judicial Officer(s) and attending officers of the court have acknowledged and will uphold the Constitution of the United States as the Supreme Law of the District Court of the United States, Middle District of Alabama, Southern Division, with regard to this case pursuant to Article VI of the Constitution of the United States.

12. Affiant has not received any evidence that the Presiding Judge or Judicial Officer(s) and attending officers of the court of the District Court of the United States, Middle District of Alabama, Southern Division has acknowledged and ruled that no court of the United States and no federal judge of the United States has jurisdiction over any issue in any court regarding any party if that court and/or judge (1) do not provide due process of law; (2) do not provide equal protection of the law; (3) do not respect and uphold constitutionally protected rights of the parties, in this case the protected rights of Affiant.

13. Affiant has nothing further to state at this time.

Done this 28th day of Feb., 2007

*Rodger D. Cook*

Rodger D. Cook, Affiant

---

Motion & Affidavit         9 of 10         Respond to:
Rodger D. Cook
196 Adams Street
Hartford, Alabama 36344

On this the 28 day of Feb, 2007, Rodger D. Cook, Affirmed before me that he is the party who ascribed and affirmed the forgoing Affidavit is a free act and deed.

*Jackie M. Dillard*
Notary
Commission expires 6-17-07        **Seal:**

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing "MOTION TO CLAIM AND EXERCISE CONSTITUTIONALLY PROTECTED RIGHTS and REQUIRE THE PRESIDING JUDGE TO RULE UPON THIS MOTION, and ALL ATTENDING OFFICERS OF THE COURT TO UPHOLD SAID RIGHTS" and supporting Affidavit was served on Petitioner by mailing the same on Feb. 28, 2007 in a postage paid wrapper addressed as follows:

> R. RANDOLPH NEELEY
> U.S. Attorney's Office
> One Court Square
> PO Box 197
> Montgomery, AL 36101-0197

Date: Feb. 28, 2007        By: Jackie M. Dillard